## T. O. Tanton v. Mary E. Keller.

1. VERDICT—*Questions of Fact.*—In a conflict of testimony it is the province of the jury to decide where the truth is.

2. INSTRUCTIONS—*Harmless Error.*—An instruction which contains a correct proposition of law, but is not based upon any evidence in the case, is not reversible error unless it has worked harm to the opposite party.

Assumpsit, for money had and received. Appeal from the Circuit Court of Woodford County; the Hon. THOMAS M. SHAW, Judge, presiding. Heard in this court at the December term, 1894. Affirmed. Opinion filed May 28, 1895.

W. L. ELWOOD and WINSLOW EVANS, attorneys for appellant.

A. R. RICH and BARNES & BARNES, attorneys for appellee.

MR. PRESIDING JUSTICE HARKER DELIVERED THE OPINION OF THE COURT.

This was an action of assumpsit by appellee against appellant, her brother, to recover for money which she claimed was given to her by her father on his death-bed and was then placed in the hands of appellant for safe keeping. There was a recovery in her favor for $300.

Although complaint is made of two instructions given for the plaintiff the chief contention is that the verdict is against the evidence.

Appellee testified that her father called her to his bedside a few days before he died and in the presence of her brother and mother gave her $300, which she, after counting, handed to her brother. She testified that her father at that time said nothing as to what the money was to be used for, but that he had told her a few days before, when he mentioned his intention of giving her the money, that he wanted to bear all her daughter Sadie's funeral expenses and put up a monument for her. She is contradicted by appellant and his mother. They testified that the money was not handed to appellee by her father, but was handed to appellant, to be used in paying the funeral expenses, doctor's bill, and for a monument for appellee's deceased daughter Sadie, on condition that appellee should sign her acceptance to the provisions of his will on the day it was probated. A daughter of appellant was present a portion of the time and testified to seeing her grandfather hand her father some money.

In this conflict it was the business of the jury to decide where the truth was. They saw the witnesses, observed the demeanor of each while upon the stand and could form a

more accurate estimate to be placed upon their testimony than we can. We do not feel warranted in disturbing their finding because appellee was contradicted by appellant, his daughter and mother, when the trial judge, who had the same opportunities for estimating the credit of the witnesses which the jury had, refused to do so.

In view of appellee's testimony as to what her father had said as to his intention of furnishing money to pay the funeral expenses and for a monument for Sadie, the first instruction given for appellee was proper.

The second instruction, while it contains a correct principle of law, was not based upon any evidence in the case.

We are unable to see how it worked harm to appellant, however. The vital question in the case was the condition attached to appellee's right to use the money. Appellant contended that there was the condition imposed by the father that appellee should abide by his will and sign her acceptance of its provision on the day of its probate. Appellee contended that no such condition was imposed.

We can not see how appellant was prejudiced by the court telling the jury that it was not a controlling fact whether the money was delivered directly to appellee or delivered to appellant for her use, provided its delivery was unconditional for her. Judgment affirmed.